# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00141-RMR-MEH

CLVM LLC d/b/a Valimenta Labs, and
EMEK BLAIR,

      Plaintiffs,

v.

ERIC VAN HANDEL, and
CHARLES BARKER,

      Defendants.

## DEFENDANT ERIC VAN HANDEL'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO APPEAL

Defendant, Eric Van Handel ("Van Handel"), through undersigned counsel, respectfully submits the following Opposition to Plaintiffs' Motion for an Extension of Time to Appeal.

**I.  INTRODUCTION**

Plaintiffs' motion to extend the deadline to appeal should be denied. Plaintiffs seek an extension of time to file an appeal pursuant to Fed. R. App. P. 4(a)(5), which requires a showing of excusable neglect or good cause. Plaintiffs' sole argument in support of their Motion is that the inadvertent calendaring of the deadline to appeal pursuant to the Colorado state court appellate rules rather than the Federal Appellate Rules constitutes excusable neglect. ECF No. 79, p. 2, ¶ 6. However, the Tenth Circuit has expressly rejected this argument, concluding it is reversible error to find excusable neglect where, as here, "the untimely filing was simply based on counsel's miscalculation of the deadline or a failure to read the rule." *Biodiversity Conservation Alliance v. Bureau of Land Management,* 438 Fed. Appx. 669, 673 (10th Cir. 2011) (unpublished); *United*

*States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004). For the following reasons, the Court should deny the motion.

## II. BACKGROUND

On March 23, 2023, the Court entered its order dismissing Plaintiffs' first amended complaint with prejudice, ECF No. 63, and entered final judgment. ECF No. 64. Pursuant to Fed. R. App. P. 4, the deadline to appeal was April 24, 2023.

On May 8, 2023, Plaintiffs filed their notice of appeal. ECF No. 74. Between March 23, 2023 and May 8, 2023, Plaintiffs did not seek an extension of the deadline to file a notice of appeal.

On May 12, 2023, counsel for Van Handel conferred with counsel for Plaintiffs, via email and telephone, concerning Van Handel's filing of a motion to dismiss the appeal for lack of appellate jurisdiction because the notice was untimely filed. In response, Plaintiffs' counsel indicated they would review what could be done regarding the mis-calendared deadline. Shortly thereafter, Plaintiffs responded with a conferral regarding Plaintiffs' motion to extend the deadline to appeal pursuant to Rule 4(a)(5). Because the claimed basis for excusable neglect, calendaring the deadline pursuant to Colorado state court appellate rules, does not constitute excusable neglect under Tenth Circuit law, Van Handel opposed the motion.

Following these conferrals, Van Handel filed his Motion to Dismiss Appeal for Lack of Appellate Jurisdiction in the Tenth Circuit. Doc. ID 010110859471. At the same time, Plaintiffs filed the present Motion, seeking an extension of the deadline to appeal pursuant to Rule 4(a)(5).

## III. ARGUMENT

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007). As a general

matter, "[i]n a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A).

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) . . . that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).

Here, Plaintiffs do not argue good cause exists to extend the deadline to file an appeal pursuant to Rule 4(a)(5). *Montgomery v. Anderson*, Civil Action No. 21-cv-03191-PAB-MEH, 2022 U.S. Dist. LEXIS 203531, at *5 (D. Colo. Nov. 7, 2022)(concluding the good cause standard was inapplicable because the movant did not allege forces outside of its control caused the delay, but only a misunderstanding of the Court's procedural rules.). Rather, Plaintiffs argue only that excusable neglect warrants an extension of the deadline to appeal.

Under the excusable neglect standard, an extension should not be granted absent unique and extraordinary circumstances. *Goldwyn v. Donahoe*, 562 F. App'x 655, 658 (10th Cir. 2014)(unpublished). The Court considers four factors when evaluating whether a party has established excusable neglect: (i) "the danger of prejudice"; (ii) "the length of the delay and its potential impact on judicial proceedings,"; (iii) "the reason for the delay, including whether it was within the reasonable control of the movant,"; and (iv) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The Tenth Circuit has explained that "fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is

3

excusable." *Torres*, 372 F.3d at 1163 (holding the district court abused its discretion in finding the delay in filing a notice of appeal was the result of excusable neglect).

In the Tenth Circuit, counsel's miscalculation of the deadline or a failure to read the rule cannot constitute excusable neglect. *Biodiversity Conservation All.*, 438 F. App'x at 673; *Torres*, 372 F.3d at 1163; *see also Goldwyn*, 562 F. App'x at 658 (ignorance of the rules is simply insufficient to satisfy that standard). In *Torres*, Torres's counsel filed a notice of appeal after the 10-day deadline pursuant to Fed. R. App. P. 4(b)(1) in a criminal appeal expired. *Torres*, 372 F.3d at 1160. Torres then filed a motion in the district court to extend the time to file a notice of appeal based on excusable neglect, "explaining that defense counsel had incorrectly believed that [Torres] had 30 days following entry of judgment in which to file an appeal." *Id*. The district court granted the extension, finding the untimeliness was the result of excusable neglect. *Id.* On appeal, the Tenth Circuit concluded the district court abused its discretion. *Id.* at 1162. The Court explained that "[t]he reason for the delay . . . was simply that defense counsel confused the filing deadlines for civil and criminal appeals" and concluded that "counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief." *Id*. at 1163.

Similarly in *Biodiversity Conservation Alliance*, the Tenth Circuit concluded the district court abused its discretion in granting an extension based on a finding of excusable neglect under the same circumstances. *Biodiversity Conservation All.*, 438 F. App'x at 673. In that case, counsel miscalculated the deadline to appeal from the date she received the judgment, as opposed to the date of the entry of the judgment pursuant to Fed. R. App. P. 4(a)(1)(B). *Id.* As a result, she filed the notice of appeal one day late. *Id* at 670. The district court extended the time to file the notice of appeal pursuant to Rule 4(a)(5), finding that the plaintiff established excusable neglect due to the confusion with the electronic filings concerning the date of entry of judgment. *Id*. at 671. On

4

appeal, the Tenth Circuit concluded that counsel's untimely filing of a notice of appeal was "simply based on counsel's miscalculation of the deadline or a failure to read the rule" which "cannot constitute excusable neglect under *Torres*." *Id.* at 673. The Court therefore held that the district court erred in granting an extension to file a notice of appeal based on excusable neglect. *Id.*

The reason for the delay in the present case is indistinguishable from *Torres* and *Biodiversity Conservation Alliance.* Plaintiffs argue only that the reason for the delay was a miscalculation of the deadline to appeal because "counsel inadvertently calendared the deadline to appeal pursuant to Colo. R. App. P. 4 …." ECF No. 79, p. 2, ¶ 6.[1] As a result, it would be reversible error to grant Plaintiffs' motion and extend the deadline to file an appeal based on excusable neglect. *Torres*, 372 F.3d at 1162; *Biodiversity Conservation All.*, 438 F. App'x at 673; *Magraff v. Lowes HIW, Inc*., 217 Fed. Appx. 759, 761 (10th Cir. 2007).

Plaintiffs' citation to Fed. R. Civ. P. 6(b) and *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) does not change the result. In *Troutt*, the Tenth Circuit considered whether the district court abused its discretion in denying an extension of time pursuant to Fed. R. Civ. P. 6(b)(1) for an inmate to conduct discovery prior to ruling on a dispositive motion. *Id.* at 395. This case did not involve a request for an extension of time to file an appeal pursuant to Rule 4(a)(5) or involve an analysis of the relevant factors the court should consider in determining whether to extend the appeal deadline based on excusable neglect. Thus, *Troutt* has no bearing on the issue before this Court. Moreover, even under the good cause standard of Rule 6(b), it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable

---

[1] During conferral and in the Motion, Plaintiffs argued only that excusable neglect existed based upon a mis-calendared deadline under Colorado Appellate Rule 4. *Rhodes v. Comcast Cable Communs. Mgmt., LLC*, Civil Action No. 14-1824, 2019 U.S. Dist. LEXIS 194055, at *11 (D. Md. Aug. 8, 2019) (the Court would not consider an argument concerning excusable neglect raised for the first time in a reply brief).

neglect for purposes of Rule 6(b).  *See Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005); *ACE USA v. Union Pac. R.R. Co.*, No. 09-2194-KHV, 2012 U.S. Dist. LEXIS 40400, at *9 (D. Kan. Mar. 26, 2012); *Mills v. Prudential Ins. Co. of Am.*, Civil Action No. 11-cv-02127-DME-CBS, 2012 U.S. Dist. LEXIS 92727, at *7 (D. Colo. July 5, 2012).

Tenth Circuit law is clear.  It is reversible error to grant a motion for extension of time to file a notice of appeal based upon excusable neglect where, as here, the sole reason for delay is counsel's misinterpretation of a readily accessible, unambiguous rule.  *Torres*, 372 F.3d at 1162; *Biodiversity Conservation All.*, 438 F. App'x at 673.  Accordingly, the Court should conclude Plaintiffs have failed to demonstrate excusable neglect and deny Plaintiffs' Motion.

## IV. CONCLUSION

For the foregoing reasons, Van Handel respectfully requests that the Court deny Plaintiffs' Motion.

Dated: May 16, 2023  Respectfully submitted,

Lorenzo Ekker Dallner, LLC


By: *s/ James E. Dallner*
  James E. Dallner
  LORENZO, EKKER, DALLNER, LLC
  10233 South Parker Road, Ste. 300
  Parker, Colorado 80134
  Telephone: (720) 543-7735
  Email: jdallner@ledlegal.com

Attorneys for Defendant Eric Van Handel

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023, I electronically filed the foregoing **DEFENDANT ERIC VAN HANDEL'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO APPEAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry M. Baskerville
Elizabeth T. Hartsel
Fortis Law Partners, LLC
1900 Wazee Street, Suite 300
Denver, CO 80202
Email: hbaskerville@fortislawpartners.com
Email: lhartsel@fortislawpartners.com

*Attorneys for Plaintiffs*

and

Nicole A. Westbrook
Jones & Keller, P.C.
1675 Broadway, 26th Floor
Denver, Colorado 80202
Email: nwestbrook@joneskeller.com

*Attorneys for Defendant Charles Barker*

　　　　　　　　　　　　　　　　　　　　*s/ James E. Dallner*
　　　　　　　　　　　　　　　　　　　　　James E. Dallner

7