IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 22-cv-00141-RMR-MEH

CLVM LLC d/b/a VALIMENTA LABS; and
EMEK BLAIR,

    Plaintiffs,

v.

ERIC VAN HANDEL; and
THE ESTATE OF CHARLES BARKER,

    Defendants.

## ORDER ON MOTION FOR ATTORNEY FEES

This matter comes before the Court on Defendant The Estate of Charles Barker's ("Defendant Barker") Motion for Attorney Fees, ECF No. 101. Defendant Barker seeks an award of $16,272.50 in attorney fees. Plaintiff filed a response[1], and Defendant Barker filed a reply. For the reasons stated herein, the motion is **GRANTED.**

### I.    APPLICABLE LAW

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's

---

[1] Defendant Barker requests that this Court decline to consider Plaintiffs' Response to the Motion for Attorneys' Fees because the response was untimely. The Court notes that, while it was certainly not required to do so, it granted Plaintiffs' request to file its response out of time in order to afford Plaintiffs an opportunity to be heard on all bases upon which it objected to the request for attorneys' fees.

fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 252–53 (2010). Defendant Barker seeks attorney fees pursuant to C.R.S. § 13-17-102, which provides:

> Subject to the limitations set forth elsewhere in this article, in any civil action of any nature commenced or appealed in any court of record in this state, the court shall award, by way of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification.

A claim lacks substantial justification where it is "substantially frivolous, substantially groundless, or substantially vexatious." C.R.S. § 13–17–102(4). Defendant Barker argues that the claims against him were frivolous and vexatious. A claim is frivolous "if the proponent can present no rational argument based on the evidence or law in support of the claim." *Remote Switch Systems, Inc. v. Delangis*, 126 P.3d 269, 275 (Colo. App. 2005). *See also Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1219 (10th Cir. 2010) ("Further, a claim lacks substantial justification if it lacks supporting evidence or the party pursing the claim cannot make a rational argument in its support based on the evidence or governing law."). A claim is vexatious if it is brought or maintained in bad faith. *Board of Commissioners, County of Boulder v. Eason*, 976 P.2d 271, 273 (Colo. App. 1998). In making this determination, the court should consider the factors enumerated in C.R.S. § 13–17–103(1). *But see Munoz v. Measner*, 247 P.3d 1031, 1034–35 (Colo. 2011) (court need not specifically analyze these factors where it determines that attorney fees are not warranted).

2

## II. BACKGROUND AND PROCEDURAL HISTORY

A detailed recitation of the background and procedural history can be found in Magistrate Judge Hegarty's Report and Recommendation on the Motions to Dismiss, ECF No. 55, and the Court's Order adopting the Recommendation, ECF No. 63. The Court restates the background and procedural history here only as relevant to this Order.

This case arises out of a complicated set of circumstances involving a Promissory Note and Equity Option Agreement (the "Note"), a Settlement Agreement, and a state lawsuit. Plaintiff CLVM is a Colorado limited liability company owned by Plaintiff Blair. In December 2015, CLVM entered into the Note by and between Defendant Van Handel and Defendant Barker (collectively, "Defendants"). As "Lenders" under the Note, the Defendants agreed to provide CLVM $335,000.00 in exchange for five percent interest per annum, or in the alternative, an option to purchase a combined sixteen percent equity interest in CLVM.

A dispute arose between Plaintiffs and Defendants when Defendants each tried to exercise their options under the Note. As a result of the dispute, Defendant Barker filed a lawsuit against Plaintiffs in Colorado state court. Separately, Defendant Van Handel settled the dispute with Plaintiffs through mediation. Consistent with the agreement reached through mediation, Defendant Van Handel and Plaintiffs executed a Settlement Agreement. Later, Defendant Van Handel was deposed in the state court litigation between Plaintiffs and Defendant Barker. Based on information that came out during Defendant Van Handel's deposition in the state court litigation, Plaintiffs filed the instant

lawsuit against Defendant Van Handel only. Plaintiffs asserted the following claims against Defendant Van Handel: (1) breach of contract; (2) fraudulent misrepresentation and/or concealment; and (3) declaratory judgment. Defendant Van Handel filed a Motion to Dismiss, and Magistrate Judge Hegarty recommended that it be granted. As relevant here, Magistrate Judge Hegarty found "no plausibly pleaded fraudulent misrepresentation or concealment claim" and recommended dismissal of that claim. ECF No. 27 at 11-12. In reaching this conclusion, Magistrate Judge Hegarty reasoned that there could be no misrepresentation or concealment because Plaintiff either knew or had access to the information to know all of the material facts Plaintiffs alleged had been misrepresented or concealed. *Id.* The alleged misrepresentations and concealments involved the likelihood that Defendant Barker would pursue separate litigation. *Id.* The Magistrate Judge concluded that "[w]hen only the well-pleaded allegations are considered, the Court finds no plausibly pleaded fraudulent misrepresentation or concealment claim or fraudulent inducement claim." *Id.* There were no objections, and the Court accepted and adopted the Recommendation.

After dismissal of all claims against Defendant Van Handel without prejudice, Plaintiffs filed the First Amended Complaint ("FAC"). In the FAC, Plaintiffs added Defendant Barker as a defendant and asserted claims against him for conspiracy to commit fraud and declaratory judgment. Defendant Van Handel filed another motion to dismiss the First Amended Complaint and Defendant Barker filed a Special Appearance

4

and moved to dismiss for lack of jurisdiction and failure to serve. Plaintiffs then voluntarily dismissed the declaratory judgment claim.

Magistrate Judge Hegarty recommended that the second Motion to Dismiss be granted for almost exactly the same reasons the first Motion to Dismiss was granted. ECF No. 55. At the outset, Magistrate Judge Hegarty noted that "[t]he changes in the [FAC] did not materially alter the allegations of the claims at issue." *Id.* at 7. Notably, the fraudulent misrepresentation, concealment, and inducement claims were based on the exact same allegations that Magistrate Judge Hegarty found insufficient to survive the first Motion to Dismiss. *Id.* at 11-13. As to the civil conspiracy claim, Magistrate Judge Hegarty properly explained that "the essence of a civil conspiracy claim is not the conspiracy itself, but the actual damages resulting from the acts done in furtherance of the conspiracy." *Id.* (citing *Goff v. United Airlines*, No. 16-cv-01853-KMT, 2017 WL 11502322, at *4 (D. Colo. Mar. 10, 2017) (quoting *Double Oak Constr., L.L.C. v. Cornerstone Development Int'l, L.L.C.*, 97 P.3d 140, 146 (Colo. App. 2003)). Thus, "if the acts alleged to constitute the underlying wrong provide no cause of action, then no cause of action arises for the conspiracy alone." *Id.* Magistrate Judge Hegarty concluded that "[b]ecause the Court recommends dismissal of the underlying fraud claims, the Court also recommends dismissal of Plaintiffs' conspiracy claim." *Id.* at 17. Ultimately, the Magistrate Judge recommended dismissal of all claims against Defendants. *Id.* Plaintiffs objected, but the Court accepted and adopted the Recommendation. ECF No. 63.

While the Motion to Dismiss was pending, Defendant Barker passed away. Accordingly, after final judgment was entered, Defendant Barker moved to substitute the Estate of Charles Barker for Defendant Charles Barker[2], intending to file the present motion for attorneys' fees. The Court held a hearing on the Motion to Substitute and ordered that Defendant Barker file its Motion for Attorneys' Fees within seven days of the hearing and not to exceed five pages. Defendant Barker filed the present motion, ECF No. 101, and Plaintiffs responded, ECF No. 108. Defendant Barker also filed a reply. ECF No. 109.

## III.   ANALYSIS

### A.   Entitlement to Attorneys' Fees

Defendant Barker contends that he is entitled to attorneys' fees because Plaintiffs' claims against Defendant Barker were frivolous and Plaintiffs' conduct in the litigation was vexatious.

Defendant Barker argues that the civil conspiracy claim asserted against him was frivolous because it is not independently actionable and lacked substantial justification. As noted above, a claim is frivolous "if the proponent can present no rational argument based on the evidence or law in support of the claim." *Remote Switch Systems, Inc.*, 126 P.3d at 275. Defendant Barker also contends that Plaintiffs' conduct was vexatious because, after Magistrate Judge Hegarty recommended dismissing the initial Complaint

---

[2] For consistency, the Court refers to Defendant the Estate of Charles Barker as "Defendant Barker."

and pointed out the flaws in Plaintiffs' case, Plaintiffs proceeded to file the FAC. But the FAC was substantially the same as the initial Complaint—aside from adding Barker as a defendant and including a civil conspiracy claim—and failed to correct any of the allegations that had already been deemed insufficient. In essence, Defendant Barker argues that "Plaintiffs have apparently ignored Judge Hegarty over and over in pursuit of stubborn litigiousness" and that this amounts to bad faith. ECF No. 101 at 5.

In deciding whether to award attorney fees and in assessing the amount of such fees, the Court must consider at least the factors set forth in C.R.S. § 13-17-103(1), which are:

> (a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;
>
> (b) The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action;
>
> (c) The availability of facts to assist a party in determining the validity of a claim or defense;
>
> (d) The relative financial positions of the parties involved;
>
> (e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;
>
> (f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;
>
> (g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;
>
> (h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

C.R.S. § 13-17-103(1). A trial court must make "specific factual findings with regard to the application of the section's enumerated factors" when granting an award of fees. *Munoz v. Measner*, 247 P.3d 1031, 1034 (Colo. 2011). Only the relevant factors need be addressed. *In re Marriage of Aldrich*, 945 P.2d 1370, 1379 (Colo. 1997).

Having considered the factors, the Court finds that Defendant Barker is entitled to an award of reasonable attorneys' fees in this matter pursuant to C.R.S. § 13-17-102 because the Plaintiffs' claims against him were frivolous. Factors (a), (c), and (f) weigh in favor of awarding Defendant Barker attorneys' fees. As an initial matter—and as the Magistrate Judge explained—the conspiracy claim could not survive without an underlying action. Here, the underlying action was alleged fraudulent inducement, misrepresentation, and concealment. But the fraud claims were not asserted against Defendant Barker, and therefore there would be no source of Defendant Barker's liability for conspiracy. In other words, there was no justification for the conspiracy claim against Defendant Barker. And even if Plaintiffs had asserted the fraud claims against Defendant Barker, the fraud (and therefore the conspiracy claims) could not survive the Motion to Dismiss. Plaintiffs were advised by Magistrate Judge Hegarty of the precise defects in their fraud allegations when he granted Defendant Van Handel's first Motion to Dismiss. Nevertheless, Plaintiffs brought the same claims, based on the same facts and allegations, and then added a claim for conspiracy to commit fraud. *See* ECF No. 55 at 7 ("The changes in the FAC did not materially alter the allegations of the claims at issue.").

Plaintiffs brought these claims despite knowing that the allegations were insufficient to state a claim for fraudulent inducement, misrepresentation, or concealment.

As to factor (d), both parties appear to have relatively equivalent financial resources. And as to factor (g), all claims against Defendant Barker were dismissed, and Plaintiffs' entire case was dismissed. These factors, too, weigh in favor of awarding attorneys' fees. For these reasons, the Court concludes that Plaintiffs' claims against Defendant were frivolous and lacked substantial justification. Accordingly, the Court exercises its discretion to award Defendant Barker the attorneys' fees incurred to defend the substantially frivolous claims against it.

### B.     Reasonableness of Fees

In awarding attorneys' fees, the trial court may consider, among other factors, the amount in controversy, the duration of representation, the complexity of the case, the value of the legal services to the client, and the usage in the legal community concerning fees in similar cases.  No one of these factors is conclusive. *Melssen v. Auto-Owners Ins. Co.*, 2012 COA 102, ¶ 71, 285 P.3d 328, 339.  In calculating a reasonable attorneys' fee, the Court applies the lodestar principles stated in *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." *Id*. (internal quotations and citation omitted).

Counsel seeks compensation for 39.7 hours of work performed by one attorney and one paralegal. Having reviewed counsel's affidavit and the invoices, the Court is

satisfied that the number of hours billed by Defendant Barker's counsel is reasonable. The exposure to Defendant Barker in this case exceeded $1 million, the hours spent were appropriate considering counsel's representation in this matter lasted over a year, and the work completed was necessary to defend Defendant Barker against the frivolous claims and prepare the instant motion.

The Court also finds that the rates of compensation requested are reasonable. Defendant Barker seeks an hourly rate of $425.00 for lead counsel, a partner with twenty years of litigation experience, and $125 for the paralegal on this matter. These billing rates are reasonable in the metropolitan Denver market. *See, e.g., Biax Corp. v. NVIDIA Corp*., No. 09-cv-01257-PAB-MEH, 2013 WL 4051908, at *5-6 (D. Colo. Aug. 12, 2013) (approving as reasonable legal fees in Colorado for 2010 to 2012 ranges of $510 to $748 for partners, $429 to $531.25 for associates, and $148.75 to $212.50 for paralegals), *rev'd on other grounds* 626 F. App'x 968 (Fed. Cir. 2015); *L-3 Comm'ns Corp. v. Jaxon Eng'g & Maint*., Inc., No. 10-cv-02868, 2015 WL 1218067, at *2-6 (D. Colo. Mar. 12, 2015) (recognizing that Colorado courts have approved of legal rates as high as $700 per hour and approving $695 per hour for lead counsel); *Dig. Satellite Connections, LLC v. Dish Network Corp*., No. 13-cv-02934-REB, 2018 WL 4620337, at 4 (D. Colo. Sept. 26, 2018) ("During [2013 to 2016], the prevailing Denver market rate for high level attorneys in complex business disputes was in the range of $550 to $580 per hour."). Therefore, multiplying the reasonable hourly rate by the number of hours reasonably expended, the Court finds that Defendant Barker is entitled to an award of $16,272.50.

## IV. CONCLUSION

For the foregoing reasons, Defendant Barker's Motion for Attorneys' Fees, ECF No. 101 is GRANTED. Plaintiffs are ORDERED to pay Defendant Barker $16,272.50 in attorneys' fees.

DATED: March 4, 2024

BY THE COURT:

_____

REGINA M. RODRIGUEZ

United States District Judge